UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JORDAN SIMMONS | CIVIL ACTION |
| VERSUS | NO. 15-1124 |
| GALLIANO MARINE SERVICE, LLC | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff Jordan Simmons' motion to supplement his witness and exhibit lists.[1] Defendant Galliano Marine Service, LLC opposes the motion.[2] Because the Court finds that plaintiff has not shown good cause for his request, the Court denies the motion.

## I. BACKGROUND

This is a Jones Act personal injury action, in which plaintiff alleges that he suffered shoulder injuries while working on defendant's vessel. Trial in this matter was originally set for March 28, 2016. On February 25, 2016, plaintiff moved to continue the trial date, arguing that discovery was not complete and that plaintiff's counsel had unavoidable conflicts in his trial calendar. The Court granted the motion over defendant's objection and

---

[1] R. Doc. 50.
[2] R. Doc. 51.

ordered the parties to contact the Court's case manager to reschedule the trial date.[3] The Court also ordered the parties to complete all discovery by April 25, 2016 and clarified that all other dates in the Court's scheduling order remained in effect.[4] The parties' new trial date is January 5, 2017.[5] Subsequently, plaintiff moved the Court to amend the expert witness and discovery deadlines.[6] Because the Court found that plaintiff had not shown good cause for the requested modifications, the Court denied plaintiff's motion.[7]

According to the scheduling order, the deadline for plaintiff to submit witness and exhibit lists was January 18, 2016.[8] The order further states that "the Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[9]

Plaintiff now requests that the Court allow him to file an amended witness and exhibit list beyond the deadline specified in the scheduling order

---

[3] R. Doc. 33.
[4] *Id.*
[5] R. Doc. 43.
[6] R. Doc. 41.
[7] R. Doc. 49.
[8] R. Doc. 10 at 2.
[9] *Id.*

2

in order to include Dr. Thomas Lyons as a witness and Dr. Lyons' records as exhibits. Though plaintiff's motion is self-titled "Motion for Leave to File Plaintiff's First Supplemental Amended Witness and Exhibit List," the Court will consider it as a motion to amend the deadlines in the scheduling order.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990); *accord Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order. *See Geiserman*, 893 F.3d at 790 ("[O]ur court gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order.") (quotation omitted). Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).

In *Geiserman v. MacDonald*, the Fifth Circuit established a four-factor balancing test to determine whether good cause existed for an untimely designation of expert witnesses, ruling that courts must consider (1) the explanation for the failure to adhere to the deadline; (2) the importance of the testimony; (3) the potential prejudice that could result from allowing the testimony; and (4) the availability of a continuance to cure that prejudice. 893 F.2d at 791 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *accord Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). The Fifth Circuit has since used this test to determine whether good cause exists for an untimely submission of expert reports.[10] *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). Several district courts in this circuit have also used the *Geiserman* test for the addition of non-expert witnesses not including on witness lists, as well as well for exhibits. *See, e.g.*, *Paulsen v. State Farm Ins. Co.*, No. 06-9546, 2008 WL 449783, at *2-3 (E.D. La. Feb. 15, 2008); *Morgan v. Chet Morrison Contractors, Inc.*, No. 04-2766, 2008 WL 7602163, at *1-3 (E.D. La. July 8,

---

[10] The parties dispute whether Dr. Lyons' is an non-treating-physician expert subject to the report requirement of Federal Rule of Civil Procedure 26(a)(2)(B) or solely a treating physician, which are not subject to the report requirement. Fed. R. Civ. P. 26(a), cmt. 1993 Amendments, subdivision (a), para. (2), 146 F.R.D. 401, 635; *see also Hamburger v. State Farm Mut. Auto. Ins. Co.* 361 F.3d 875, 882 (5th Cir.2004). The resolution of this dispute is not necessary for the Court to decide this instant motion.

4

2008); *Stumbaugh v. American Commercial Lines LLC*, No. 08-1669, 2009 WL 2922312, at *3 (E.D. La. Sept. 9, 2009); *Serigne v. Preveau*, No. 11-3160, 2013 WL 3863874, at *1 (E.D. La. July 23, 2013); *Matter of M&M Wireline & Offshore Servs., LLC*, No. 15-4999, 2016 WL 4679937, at *5-6 (E.D. La Sept. 7, 2016). Accordingly, the Court will analyze the four *Geiserman* factors to determine whether plaintiff has shown good cause for his request to amend the scheduling order to allow his new witness and exhibit lists.

## III. DISCUSSION

After weighing the four *Geiserman* factors, the Court concludes that plaintiff has not shown good cause for his request to modify the Court's scheduling order to allow him to submit new witness and exhibit lists referencing Dr. Lyons.

With regard to the first factor, plaintiff has not provided a convincing explanation for his failure to comply with the applicable deadlines or his delay in seeking to add an additional witness. Plaintiff was injured in October of 2013, and has been treated by Dr. Mark Larkins, a pain management specialist, and Dr. Kirby Turnage, both of whom are included on plaintiff's initial timely witness and exhibit list.[11] Dr. Turnage is an

---

[11] R. Doc. 20 at 1.

orthopedist and performed shoulder surgery on plaintiff.[12] Plaintiff's motion indicates that in late April of 2016, Dr. Larkins recommended plaintiff see an orthopedist for an arthrogram evaluation or potentially exploratory arthroscopic surgery.[13] Despite this recommendation in April, and despite the fact that plaintiff had already received treatment from Dr. Turnage, an orthopedist, plaintiff did not see Dr. Lyons until six months later. Dr. Lyons is allegedly recommending revision surgery on plaintiff's shoulder. Plaintiff's vague explanation that he could not get an orthopedist to see him sooner because the orthopedists that were initially recommended would not take a patient involved in litigation, and that he was dissatisfied with another available option, is not compelling. Without more, plaintiff's explanation does not justify the delay. Further, while the Court would not suggest that plaintiff return to a physician he was not satisfied with, his dissatisfaction with Dr. Turnage does not explain why it took plaintiff six months to find a new orthopedist.

Of course, even if plaintiff saw a new doctor in April, the new witness and exhibit lists would still be late, as the deadline was in January. However, if plaintiff saw a doctor sooner, the Court may have accepted plaintiff's

---

[12] R. Doc. 51 at 3.
[13] R. Doc. 50-2 at 1.

6

explanation for his failure to timely comply with the scheduling order. Further, plaintiff's diligence in securing an examination earlier could help mitigate any prejudice suffered by defendant, which is relevant to the third *Geiserman* factor. The Court is not convinced that plaintiff could not have found a qualified orthopedist in the surrounding area to examine him before October, or received suitable treatment by Dr. Turnage. Because plaintiff does not adequately explain the six-month delay, the first *Geiserman* factor weighs against modification of the scheduling order. *See Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 494-96 (S.D. Tex. 2009) (finding party's lack of diligence and inadequate explanation weighed heavily against amending scheduling order to allow additional witnesses).

Turning to the second factor, plaintiff argues that the addition of Dr. Lyons' testimony is important "to discuss Mr. Simmons' current symptoms, his diagnosis, and recommendation for a left shoulder arthroscopy."[14] It is true that the testimony of Dr. Lyons is important to the extent that Dr. Lyons will recommend plaintiff undergo surgery, whereas Dr. Turnage believes plaintiff has reached maximum medical improvement.[15] But it is not as though plaintiff had no opportunity to find another doctor within the

---

[14] R. Doc. 50-1 at 3.
[15] R. Doc. 51 at 3.

7

deadlines of the Court's scheduling order, and plaintiff can rely on Dr. Larkins who can testify as to his recommendation that plaintiff receive an arthrogram evaluation or potentially exploratory surgery.[16] Therefore, while the second factor does weigh in plaintiff's favor, it is not overwhelming and does not by itself establish good cause. *See Borden v. United States*, 537 F. App'x 570, 573-74 (5th Cir. 2013) (holding that plaintiff had not established good cause under *Geiserman* to extend deadline, despite "vital" importance of medical expert testimony indicating that the second *Geiserman* factor weighed in plaintiff's favor).

Further, the Court is troubled that, contemporaneously with the briefing on plaintiff's earlier motion to extend the discovery and expert deadlines, plaintiff made no mention whatsoever of Dr. Larkins' recommendation that plaintiff see an orthopedist, and certainly made no mention that plaintiff needed to see an orthopedist besides Dr. Turnage.[17] If the need for Dr. Lyons (or any other orthopedist) was so important to plaintiff's case, then why not notify the Court of its importance as soon as possible, especially when plaintiff was already asking the Court for an

---

[16] R. Doc. 50-2 at 1.
[17] According to plaintiff, Dr. Larkins made this recommendation on April 22, 2016. Plaintiff submitted his reply brief for his motion to extend the discovery deadline on April 25, 2016. *See* R. Doc. 46.

8

extension of deadlines? This suggests that Dr. Lyons' testimony may not be as important as plaintiff contends. The deadlines established by the Federal Rules of Civil Procedure and this Court's scheduling orders do not disappear whenever plaintiffs seek to find a doctor who will give them the recommendation they want. *See McCallon v. BP America Production Co.*, 2006 WL 3246886, No. 05-0597, at *1-2 (E.D. La. Nov. 8, 2006) (affirming Magistrate Judge's order denying extension of deadline for expert reports in part because plaintiff sought new medical opinion despite receiving fully evaluated opinions from multiple physicians).

The third factor requires the Court to determine whether the proposed modification would prejudice any party. As with his motion to extend deadlines, plaintiff again repeatedly asserts that his request will not prejudice defendant. And again, as the Court explained in its order denying plaintiff's earlier request, the defendant certainly will be prejudiced by granting plaintiff's request. Defendant and its counsel would incur significant costs, in terms of both time and expense, if they must depose Dr. Lyons and evaluate his potential trial testimony. Plaintiff asserts defendant will not be prejudiced because it has time to depose Dr. Lyons before trial.[18] The fact that defendant has time before trial to depose Dr. Lyons (which

---

[18] R. Doc. 50-1 at 4.

9

defendant does not concede and is questionable) has no bearing on the costs and prejudice associated with granting plaintiff's requests. *See Hernandez*, 617 F. Supp. 2d at 497 ("Whenever additional depositions are conducted, both parties must expend additional resources and invest time in conducting them. Thus prejudice generally results to the party opposing additional depositions."). Additionally, plaintiff's request would further increase costs by potentially requiring defendant (as it asserts in its opposition) to conduct an independent medical examination to evaluate Dr. Lyons' opinions.[19] Therefore, the third factor weighs against modifying the scheduling order.

Finally, turning to the fourth *Geiserman* factor, the Court finds that a continuance is not available to cure the prejudice identified above. As explained in the Court's earlier order, regardless of when trial commences, plaintiff's requests would require defendant to expend additional time and money responding to plaintiff's untimely maneuvers. Plaintiff was injured over three years ago, and this case has already been continued once over defendant's objection. A continuance to cure prejudice is highly undesirable at this late stage of an already protracted litigation. Thus, this factor also weighs against granting plaintiff's requests and modifying the scheduling order.

---

[19]   R. Doc. 51 at 6.

Based on the above analysis, the Court finds that plaintiff has not shown good cause for his request to modify the Court's scheduling order to permit him to file untimely witness and exhibit lists. Therefore, Dr. Lyons will not be permitted to testify at trial, and the records and opinions of Dr. Lyons shall not be introduced at trial.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to amend the scheduling order.

New Orleans, Louisiana, this __28th__ day of December, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE